Related DDJ



**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**Brian Alexander Smith**, Plaintiff      EDCV25-1385-JAJ(MBK)

vs.

**Charlie Sheen (Carlos Irwin Estevez); Peta Murgatroyd; Robyn Cruze Harrington; Cavalleri, LLC; Amanda (Doe); Peta Murgatroyd; Robyn Cruze Harrington; Amy Huberman; Los Angeles County Public Defender's Office; Superior Court of California, County of Los Angeles – Van Nuys Courthouse**, Defendants.

**Case No.: [To be assigned upon consolidation]**
**FIRST AMENDED COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF**

---

## INTRODUCTION

1. This is a civil rights and disability access case brought by **Brian Alexander Smith**, a 56-year-old man with a diagnosed **severe traumatic brain injury (TBI)**. Plaintiff asserts claims arising from a **coordinated pattern of harassment, witness suppression, constructive eviction, and ADA violations** involving both housing discrimination and suppression of his role as a witness in a criminal case against his former partner, **Electra Poag Schrock**.
2. The events span two domains:
   - Plaintiff's constructive eviction and ADA discrimination at **Cavalleri Apartments** in Malibu, California; and
   - His exclusion as a material witness with a disability in **Los Angeles County Superior Court Case No. 23VWCF00272-01**, where **Charlie Sheen** filed a restraining order and criminal complaint against Ms. Schrock.

---

## JURISDICTION AND VENUE

3. Jurisdiction is proper under **28 U.S.C. §§ 1331, 1343**, and **42 U.S.C. §§ 1983, 12131 et seq. (ADA Title II)**.
4. Venue is proper in this Court because the acts and omissions occurred in the **Central District of California**, including Malibu and Van Nuys.

---

## PARTIES

5. **Plaintiff Brian Alexander Smith** is a resident of Cathedral City, California, and has a federally recognized cognitive disability due to TBI.
6. **Defendant Cavalleri, LLC** is the property owner of Electra Schrock's former residence and engaged in housing discrimination.
7. **Defendant Amanda (Doe)** is an agent of Cavalleri who allegedly sought Ms. Schrock's arrest days before her December 20, 2023 arrest.
8. **Defendant Charlie Sheen (Carlos Irwin Estevez)** filed a restraining order and influenced prosecution through collusive, hearsay-driven declarations.
9. **Defendant Peta Murgatroyd** submitted or supported false statements used to prosecute Ms. Schrock and made misleading public statements afterward.
10. **Defendant Robyn Cruze Harrington** is married to Tim Harrington (Sheen's sober coach) and submitted testimony while following Ms. Schrock on social media.
11. **Defendant Amy Huberman** failed to contact Plaintiff despite his formal witness declaration.
12. **Defendant Van Nuys Courthouse / Superior Court of California** engaged in systemic ADA violations by excluding Plaintiff's testimony and refusing accommodations.

## FACTUAL ALLEGATIONS

13. Plaintiff had firsthand knowledge of the events leading to Electra Schrock's December 2023 arrest. Despite submitting a witness declaration, he was excluded.
14. Charlie Sheen and his associates orchestrated a legal process that relied on biased, connected witnesses (Cruze, Murgatroyd), omitting all exculpatory statements.
15. Robyn Cruze continued to follow Ms. Schrock on social media after the alleged incident, contradicting her claims of fear and harassment.
16. Amanda and Cavalleri allegedly sought Ms. Schrock's arrest days before the incident, constituting **constructive eviction** and pretextual retaliation.
17. Plaintiff was denied access to court participation, not given ADA accommodations, and targeted due to his disability.

## CLAIMS FOR RELIEF

**COUNT I – Violation of Title II of the ADA (42 U.S.C. §12132)**
**COUNT II – Violation of Civil Rights Under 42 U.S.C. §1983**
**COUNT III – Civil Conspiracy (All Defendants)**
**COUNT IV – Intentional Infliction of Emotional Distress**
**COUNT V – Retaliation and Constructive Eviction (Cavalleri, Amanda, Sheen)**
**COUNT VI – Defamation and False Light (Murgatroyd, Cruze)**

**PRAYER FOR RELIEF**

Plaintiff requests:

1. Compensatory damages exceeding $75,000;
2. Declaratory relief recognizing the coordinated violations;
3. Injunctive relief including correction of the record, reversal of the RO basis, and accommodation enforcement;
4. Costs and attorney fees;
5. Any other relief the Court deems just and proper.

Dated: June 1, 2025
Respectfully submitted,
**Brian Alexander Smith**
Plaintiff, in pro per